975 F.2d 869
 NOTICE: Federal Circuit Local Rule 47.8(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
W. Simon KATZ, Plaintiff-Appellant,
v.
LADD UNIFORM COMPANY, Defendant-Appellee.
 No. 92-1120.
 United States Court of Appeals, Federal Circuit.
 July 15, 1992.
 
 Before LOURIE, Circuit Judge, BENNETT, Senior Circuit Judge, and RADER, Circuit Judge.
 LOURIE, Circuit Judge.
 
 DECISION
 
 1
 W. Simon Katz appeals the order of the United States District Court for the Western District of New York, No. CIV-90-311C (November 12, 1991), granting Ladd Uniform Company's motion under Fed.R.Civ.P. 12(b) to dismiss Katz's patent infringement suit for lack of personal jurisdiction. We affirm.
 
 DISCUSSION
 
 2
 Katz, the owner of U.S. Patent 4,220,263 (the '263 patent), entitled "Combined Holder for Keys and Protective Spray," brought suit against Ladd, alleging, inter alia, that Ladd's Sabre brand tear gas containers infringed the '263 patent. The district court assumed, for purposes of Ladd's motion, that Katz's mail order purchase from Ladd of three "Sabre" brand tear gas containers satisfied the New York long-arm statute.* Therefore, the question before us is whether the facts presented by Katz establish the requisite minimum contacts between Ladd and the state of New York to withstand a motion to dismiss for lack of personal jurisdiction in light of the due process clause of the Fourteenth Amendment to the United States Constitution.
 
 
 3
 As the Supreme Court stated in Burger King Corp. v. Rudzewicz, 471 U.S. 462, 475-76 (1985):
 
 
 4
 Jurisdiction is proper, however, where the contacts proximately result from actions by the defendant himself that create a 'substantial connection' with the forum State. Thus where the defendant 'deliberately' has engaged in significant activities within a State, or has created 'continuing obligations' between himself and residents of the forum, he manifestly has availed himself of the privilege of conducting business there, and because his activities are shielded by 'the benefits and protections' of the forum's laws it is presumptively not unreasonable to require him to submit to the burdens of litigation in that forum as well.
 
 
 5
 (Citations omitted).
 
 
 6
 The record here shows that no such contacts existed. Katz made no allegations of fact to suggest that Ladd had any contact with New York beyond its response to Katz's order, by mail, for the three tear gas containers that may have infringed his '263 patent, and Ladd's participation in a small number of telephone calls with Katz and his business associate, Caruso. Ladd's assertions remain undisputed that it has no property, offices, telephone listing, or post office box in New York, and that none of its sales representatives has visited New York for business purposes. Ladd merely accommodated Katz's unsolicited mail-order requests.
 
 
 7
 Ladd sold thousands of these containers in Texas for a total retail value of $21,372.60; Katz's isolated mail-order requests were for the supply of three gas containers, with a total sales value of $26.85. As the district court properly found, Ladd's isolated action did not satisfy the "minimum contacts" that are necessary to meet the requirements of due process. Ladd could not have "reasonably anticipate[d] being haled into court" in New York. World-Wide Volkswagen Corp. v. Woodson, 444 U.S. 286, 297 (1980).
 
 
 8
 Katz further argues that the district court erred by dismissing the action rather than transferring it to a district where venue was proper. Section 1406(a) of 28 U.S.C. provides that a district court shall dismiss a case filed with improper venue or, "if it be in the interest of justice, transfer such case to any district" where venue is proper. The decision as to whether a transfer is in the interest of justice rests within the district court's discretion. See id.
 
 
 9
 Katz offers no reasons why transfer would be in the interest of justice, except that he is prejudiced by "the statutes of limitations bar to reasserting these torts against the defendants now, years after the statute has run." We will not conclude that section 1406(a) requires transfer in every case where a statute of limitations may have run. Indeed, other courts have held that a dismissal after the statute of limitations had run did not constitute an abuse of discretion by the district court. E.g., Saylor v Dyniewski, 836 F.2d 341, 345 (7th Cir.1988). While the record may reveal some prejudice to Katz, it does not reveal the absence of additional prejudice to Ladd if the action were transferred. Accordingly, the district court did not abuse its discretion by dismissing the action rather than transferring it.
 
 
 10
 After reviewing the record and the briefs submitted by the parties, we are convinced that the district court properly concluded that Ladd lacked the minimum contacts in New York needed to justify the assertion of personal jurisdiction. The court also did not abuse its discretion in dismissing, instead of transferring, Katz's case. Accordingly, we affirm the district court.
 
 
 
 *
 We have reviewed the record with respect to Katz's allegations that Ladd also infringed U.S. Patents 3,870,208, 3,758,978, and Des. 230,400, and find no evidence that Ladd ever sold items covered by these patents in the state of New York. To the extent that Katz's argument on appeal includes these patents, it is without merit; the district court properly concluded that under New York law, there is no statutory basis for personal jurisdiction